UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AT LAW AND IN ADMIRALTY

CASE No.: _____

LEISURE RESORTS, LLC d/b/a PALM
HARBOR MARINA, a Foreign Limited
Liability Company,

              Plaintiff,

vs.

the M/Y "RED PEARL", her engines,
bowsprit, anchor, cables, chains, rigging,
tackle, apparel, furniture and all accessories,
hereunto appertaining and belonging to her,
*in rem* and *quasi in rem*; RED PEARL
LIMITED, *in personam* and *quasi in rem*;
VALENTIN VINOGRADOV, *in personam*
and *quasi in rem*;

              Defendants.
_____/

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
SUPPLEMENTAL RULE B WRIT OF FOREIGN ATTACHMENT
AND SUPPLEMENTAL RULE C WARRANT OF ARREST**

COMES NOW the Plaintiff, LEISURE RESORTS, LLC d/b/a PALM HARBOR MARINA ("PALM HARBOR MARINA"), by and through undersigned counsel, and hereby files this its <u>Verified Complaint With Request For Issue of Supplemental Maritime Rule B Writ Of Foreign Attachment and Supplemental Rule C Warrant Of Arrest</u> ("Verified Complaint"), and sues defendants, the M/Y "RED PEARL," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto

appertaining and belonging to her, *in rem* and *quasi in rem;* RED PEARL LIMITED, *in personam* and *quasi in rem,* and VALENTIN VINOGRADOV, *in personam* and *quasi in rem,* and alleges as follows:

## Jurisdiction & Venue

1. This is a case seeking the foreclosure of a maritime lien for services and necessaries, *in rem and quasi in rem,* against the defendant vessel, and a claim, *in personam* and *quasi in rem,* against the foreign owners and operators of the vessel, and otherwise seeking attorney fees, costs, and prejudgment interest within Rules B & C of the Supplemental Rules for Certain Admiralty and Maritime Claims, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, within the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §31301, et seq. (maritime liens), and §§31341-31342 (Necessaries), and is otherwise within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1333(1). To the extent that a claim does not fall within the Court's jurisdiction as set forth above, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## The Parties

2. At all material times, the Plaintiff, LEISURE RESORTS, LLC d/b/a PALM HARBOR MARINA ("PALM HARBOR MARINA"), was and is a foreign limited liability company organized and existing under the laws of the State of Delaware registered to transact business in the state of Florida with a place of business in Palm Beach County, Florida, and, at all material times, was engaged in the business of providing dockage, moorage, goods, services, and other "necessary" services to the world's ocean carriers

and pleasure yachts, including but not limited to the M/Y "RED PEARL", engaged in foreign and domestic commerce within and without the United States of America including the provision of dockage and moorage services in Palm Beach County, Florida.

3. At all material times, defendant, M/Y "RED PEARL", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (hereinafter "VESSEL"), was and is believed to be a 2010, 165 Gross Ton, 55 Net Ton, Motor Yacht, Official No.: 70719, built at Santos, Sao Paulo, Brazil, Marshall Islands Certificate of Registry No. 96-15-PY, issued on April 21, 2015, Ft. Lauderdale, Florida, owned and/or operated by one or more of the defendants, and is used by her owners and operators to engage in the transportation of persons or property on the canals, inland waterways and territorial waters of Florida, and is within the geographic jurisdictional boundaries of this Court, and is now, or will be, during the pendency of the action within the geographic and jurisdictional boundaries of the Southern District of Florida, but is capable of imminent transportation out of the jurisdiction at any time.

4. At all material times, defendant, RED PEARL LIMITED ("RED PEARL LTD"), was and is believed to be a foreign business entity organized and existing under the laws of the country of the Marshall Islands, was and is believed to be an owner and/or operator of the vessel and/or is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the vessel and in the preservation of the vessel.

5. At all material times, upon information and belief, defendant, RED PEARL LIMITED, was and is an entity operating and/or chartering vessels within this state, including the M/Y "Red Pearl".

6. At all material times, defendant, RED PEARL LIMITED, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "A".

7. At all material times, the vessel was and is believed to be a RED PEARL LIMITED asset found within the United States, and within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida.

8. At all material times, defendant, RED PEARL LIMITED, is subject to the personal jurisdiction of this Court, as an entity operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida or otherwise:

    (a) Committing a tortious act within this State;

    (b) Owning, using, possessing, or holding a mortgage or other lien on any real property within this State;

    (c) Contracting to insure a person, property, or risk located within this State at the time of contracting;

(d) Engaging in substantial and not isolated activity within the State;

(e) Engaging in solicitation or service within this State;

(f) Producing materials, or things processed, serviced, or manufactured, used or consumed within this State in the ordinary course of commerce, trade, or use;

(g) Causing injury to persons or property within this State arising out of an act or omission by the defendant outside this State;

(h) Breaching a contract in this State by failing to perform acts required by the contract to be performed in this State; and Operating vessels, including the defendant vessel, within the state of Florida; and

(i) Other acts or omissions to be revealed throughout the course of discovery.

9. At all material times, defendant, VALENTIN VINOGRADOV ("VINOGRADOV"), was and is believed to be an individual above the age of 18, *sui juris*; and was and is believed to be a foreign citizen and resident of the country of Russia; was and is believed to be an owner and/or operator of the vessel and/or was and is otherwise believed to possess either a direct or indirect financial interest/pecuniary interest in the vessel and in the preservation of the vessel.

10. At all material times, upon information and belief, defendant, VINOGRADOV, was and is an individual operating and/or chartering vessels within this state, including the M/Y "Red Pearl".

11. At all material times, defendant, VINOGRADOV, cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "A".

12. At all material times, the vessel was and is believed to be a VINOGRADOV asset found within the United States, and within the geographic boundaries of the United States District Court for the Southern District of Florida.

13. At all material times, defendant, VINOGRADOV, was and is subject to the personal jurisdiction of this Court, as an individual operating, conducting, engaging in or carrying on a business venture in the State of Florida or having an office or agent in Florida or otherwise:

    (a) Committing a tortious act within this State;

    (b) Owning, using, possessing, or holding a mortgage or other lien on any real property within this State;

    (c) Contracting to insure a person, property, or risk located within this State at the time of contracting;

    (d) Engaging in substantial and not isolated activity within the State;

    (e) Engaging in solicitation or service within this State;

(f) Producing materials, or things processed, serviced, or manufactured, used or consumed within this State in the ordinary course of commerce, trade, or use;

(g) Causing injury to persons or property within this State arising out of an act or omission by the defendant outside this State;

(h) Breaching a contract in this State by failing to perform acts required by the contract to be performed in this State; and Operating vessels, including the defendant vessel, within the state of Florida; and

(i) Other acts or omissions to be revealed throughout the course of discovery.

14. At all material times, the subject vessel was and is currently berthed at PALM HARBOR MARINA, 400 A North Flagler Drive, West Palm Beach, Florida 33401.

**Facts Applicable to All Counts**

15. On or about December 18, 2011, the M/Y "RED PEARL" arrived at PALM HARBOR MARINA. The defendants requested and were thereafter provided necessary dockage and moorage services by the Plaintiff per the terms of a six-month license through May, 2011.

16. Upon the expiration of the original six-month license, the defendants requested and the Plaintiff provided necessary dockage and moorage services to the defendants on a monthly basis through 2012.

17. On or about 2013, the defendants elected to remain at PALM HARBOR

MARINA and executed an annual license agreement with the Plaintiff pursuant to which the Plaintiff provided necessary dockage and moorage services to the vessel on an annual basis through May 15, 2017.

18.At all material times, all license fees for the necessary dockage services provided by the Plaintiff to the vessel were paid by the defendants in advance as the vessel's owners and/operators from December 18, 2011 through May 15, 2017.

19.On or about May 15, 2017, as in prior years, a <u>Dockage License and Security Agreement</u> including an <u>Addendum to Dockage License and Security Agreement</u> (Windstorm Evacuation Plan) and a <u>Guest Reservation & License Agreement</u> (hereinafter collectively "License Agreement") were executed by the defendants pursuant to which dockage, moorage and other necessary services were provided by the Plaintiff to the vessel from May 15, 2017 through May 15, 2018 in exchange for consideration of $63,665.00 which was paid by the defendants in advance. *See*, Exhibit "B" attached hereto.

20.On or about May 15, 2018, the defendants advised the Plaintiff that they would not be renewing the annual License Agreement as they had in years past. The defendants, however, requested that the vessel be permitted to remain moored at the marina an additional four months through September 15, 2018 in exchange for additional consideration of $22,737.50. *See*, Exhibit "C" attached hereto.

21.At all material times, the defendants failed to pay for the necessary services provided by the Plaintiff per the terms of the License Agreement for the term of May 15, 2018 through September 15, 2018 in a timely fashion. Despite assurances that

payment would be made, a single payment of $5,000.00 was advanced by the captain of the vessel on October 3, 2018 toward the outstanding balance.

22. On September 15, 2018, the defendants, once again, promised to pay the Plaintiff and requested that the License Agreement be extended for the time period September 15, 2018 through November 1, 2018 in exchange for additional consideration of $12,481.55. *See*, Exhibit "D" attached hereto.

23. Between September 15, 2018 and November 1, 2018, the defendants failed to pay the consideration owed for the necessary dockage and moorage services provided by the Plaintiff to the vessel, and continued to request additional time to pay the outstanding balance.

24. On or about November 1, 2018, the defendants, once again, promised to pay the Plaintiff and requested that the License Agreement be extended for the time period November 1, 2018 through January 1, 2019 in exchange for additional consideration of $51,103.20. *See*, Exhibit "E" attached hereto.

25. To date, the defendants have failed to pay the Plaintiff for the necessary services provided to the vessel.

26. At all material times, the Plaintiff, PALM HARBOR MARINA, provided and continues to provide necessary dockage and moorage services for the vessel. Charges for such services and other necessaries provided to the vessel total $81,326.25 through January 1, 2019 and will continue to accrue until the vessel is removed from the Plaintiff's marina. *See*, the Accounting Statement attached hereto as Exhibit "F".

27. At all material times, all of the aforementioned services provided by the

Plaintiff, PALM HARBOR MARINA, to the vessel were necessary for the use of the vessel; were provided in reliance on the credit of the vessel; and were provided upon the demand of the vessel, the vessel's owner, master, operator, charterer, agent, or other duly accredited representative of the vessel authorized in fact or law to bind the vessel.

28. At all material times, the Plaintiff, PALM HARBOR MARINA, provided said necessaries according to the attached contracts, licenses, invoices, listings, and agreements which call for the payment of interest, costs, attorney's fees, and any other expense whatsoever incurred in the collection of any amounts not timely paid to PALM HARBOR MARINA by the vessel, her owners, operators and/or representatives.

29. At all material times, despite the Plaintiff, PALM HARBOR MARINA's, repeated demand for payment, the vessel, the vessel's owners, operators, masters, charterers, agents, and other duly accredited representatives have not timely paid in full for the necessaries provided by PALM HARBOR MARINA to the vessel and, accordingly, PALM HARBOR MARINA has required payment of finance charges, collection costs, attorney's fees, and other expenses associated with providing necessary dockage and moorage services to the vessel in addition to payment for the necessaries themselves.

30. At all material times, the dockage and moorage services provided by PALM HARBOR MARINA to the vessel constitute "necessaries" under the General Maritime Law and the Federal Maritime Lien Act, 46 U.S.C. §31301.

31. At all material times and by reason of the preceding, the Plaintiff, PALM

HARBOR MARINA, holds a preferred maritime lien against the vessel in an amount in excess of $81,326.25, and accordingly requests that the vessel be immediately arrested pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims and attached pursuant to Rule "B" of the Supplemental Rules For Certain Admiralty and Maritime Claims to secure the Plaintiff, PALM HARBOR MARINA's, *in rem, quasi in rem,* and *in personam* claims against the vessel and her owners and/or operators.

32. At all material times, the Plaintiff, PALM HARBOR MARINA, also holds a security interest under Florida Law, a contractual lien against the vessel, and holds liens against the vessel pursuant to the laws of the state of Florida, including, but not limited to, Fla. Stat. §328.17, Fla. Stat. §713, et. seq., §713.58 and §713.60. The Plaintiff specifically reserves its rights under state law irrespective of its rights under the General Maritime Law of the United States.

33. At all material times and notwithstanding the Plaintiff's maritime liens against the vessel, the vessel's owner(s) and operator(s), RED PEARL LIMITED and VINOGRADOV, are ultimately liable for all debts incurred by the M/Y "RED PEARL." Consequently, the Plaintiff has asserted *in personam* and *quasi in rem* claims against RED PEARL LIMITED and VINOGRADOV, in excess of $81,326.25 for all amounts owed to the Plaintiff for providing dockage and moorage services to the vessel. Accordingly, the Plaintiff requests that the vessel be immediately attached pursuant to Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims to secure the Plaintiff's *in personam* and *quasi in rem* claims against RED PEARL LIMITED and

VINOGRADOV.

34. At all material times, the Plaintiff has been required to retain, and has retained the law firm of Rumrell, McLeod & Brock, PLLC, in this action and is obligated to pay a reasonable fee for the services rendered.

35. At all material times, the Plaintiff was and is entitled to, and seeks an award of prejudgment interest. See, Virgin Offshore U.S.A. Inc. v. Tex. Crewboats, Inc., WL 1672321 *3 (W.D. La., June 7, 2007), citing, Complaint of M/V Vulcan, 553 F.2d 489, 490-91(5th Cir. 1977). ("In admiralty cases, the award of prejudgment interest from the date of loss is the rule rather than the exception.") The Plaintiff is further entitled to contractual and statutory pre and post judgment interest, and any interest provided by the general maritime law.

36. All conditions precedent to bringing this action have been performed, satisfied, waived, occurred, or otherwise discharged.

## COUNT I

## FORECLOSURE OF MARITIME LIEN FOR THE PROVISION OF NECESARIES

### (*In Rem* vs. the M/Y "RED PEARL")

37. The Plaintiff, PALM HARBOR MARINA, incorporates paragraphs 1-36 as if specifically set forth in this Count.

38. At all material times, as a result of the Plaintiff's provision of necessary dockage and moorage services to the vessel, the Plaintiff possesses a contractual lien, a Florida State law lien, and a preferred maritime lien against the vessel under the

General Maritime Law, the Federal Maritime Lien Act, 46 U.S.C. §31301, and the laws of the state of Florida in an amount in excess of $81,326.25.

39. By reason of the foregoing, the Plaintiff, PALM HARBOR MARINA, respectfully requests that its liens be foreclosed and that the vessel be immediately arrested pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims to secure PALM HARBOR MARINA's *in rem* and contractual liens against the vessel in excess of $81,326.25.

WHEREFORE, the Plaintiff, PALM HARBOR MARINA, prays:

- A. That judgment be entered against defendant, M/Y "RED PEARL", her engines, tackle, apparel, freights, etc. *in rem*, in an amount exceeding $81,326.25, plus interest, reasonable attorney's fees, and costs;

- B. That a warrant of arrest in due form of law in admiralty and maritime cases according to the rules and laws of this Court in causes of admiralty and maritime jurisdiction issue against the M/Y "RED PEARL", her engines, generators, tender, tackle, equipment, furnishings, electronics, contents and appurtenances, etc., *in rem*, and that all persons claiming an interest therein be cited to appear and answer the Plaintiff's Complaint;

- C. That the defendant vessel, M/Y "RED PEARL", her engines, tackle, freights, etc., be arrested pursuant to Rule C of the Supplemental Rules for Certain Admiralty & Maritime Claims to the extent of the Plaintiffs' maritime and contractual liens against her in the amount of at least $81,326.25, plus interest, costs, and attorney's fees;

- D. That the Plaintiff be decreed to have a preferred maritime lien of high order against the M/Y "RED PEARL" as described herein and that such lien be foreclosed in accordance with the law and that the vessel be condemned and sold in payment of the amount due and all other such sums owed;

- E. That, upon proper notice and hearing, judgment be entered against the defendants fully compensating the Plaintiff awarding compensatory, special and general damages, together with pre

        judgment interest, post judgment interest, costs, custodial legis expenses, and attorneys' fees;

F.    That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice including attorney fees and expenses of litigation through any appeal;

G.    That Plaintiff be permitted to bid its judgment against the M/Y "RED PEARL" at a United States Marshal's Sale; and that this Court further award Plaintiff the total amount of Plaintiff's claim, plus pre and post-judgment interest and costs, attorney fees, expenses of custody, and that Plaintiff be permitted to recover the same from the Defendant Vessel, *in rem*, in an amount no less than $81,326.25;

H.    That any deficiency after sale of the defendant vessel be made as a judgment in favor of Plaintiff and against the *in personam* defendants;

I.    That Plaintiff may have such other relief as may be deemed just and proper

## COUNT II

## BREACH OF CONTRACT

**(*In Personam* and *Quasi In Rem* vs. RED PEARL LIMITED and VALENTIN VINOGRADOV)**

40.    The Plaintiff, PALM HARBOR MARINA, incorporates paragraphs 1-36 as if specifically set forth in this Count.

41.    At all material times, defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, were and are owners and/or operators of the M/Y "RED PEARL" and/or otherwise possessed a pecuniary interest in the vessel including on the date of the services and necessary services provided by the Plaintiff to the vessel in this matter.

42.     At all material times, defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, are liable, *in personam* and *quasi in rem*, for the services and necessaries provided by the Plaintiff in this matter.

43.     At all material times, defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, as owners, operators and/or representatives of the vessel, have failed to pay the Plaintiff, PALM HARBOR MARINA, as required by the terms of the contracts, invoices, listings and agreements attached hereto for the provision of necessary dockage and moorage services to the vessel as is more fully set forth above. Thus, the Plaintiff has been forced to retain the services of the undersigned law firm and is obligated to pay reasonable fee for such services.

44.     By failing to pay the Plaintiff in accordance with the terms of the aforementioned contracts, invoices, listings and agreements, defendants, RED PEARL LIMITED and VINOGRADOV, have breached the contracts, invoices, listings and agreements and proximately caused the Plaintiff, PALM HARBOR MARINA, to suffer damages in excess of $81,326.25.

45.     At all material times, Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims expressly provides that "[i]f a defendant is not found within the district when a verified complaint praying for attachment, and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property up to the amount sued for in the hands of the garnishee named in the process."

46.     At all material times, the Plaintiff is entitled to attach the assets of the

defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, who cannot be found within the geographic jurisdictional boundaries of the United States District Court for the Southern District of Florida, and cannot be served with a summons and complaint as provided by Rule 4 of the Federal Rules of Civil Procedure, within the meaning of Rule B of the Supplemental Rules For Certain Admiralty and Maritime Claims, and/or within the meaning of the local Rules of this Court. *See*, Affidavit of Foreign Attachment, attached hereto as Exhibit "A".

47. At all material times, the Plaintiff is informed, believes and thereupon alleges that assets belonging to defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, are currently located within the Southern District of Florida or will be located within the Southern District of Florida during the pendency of this action, and would respectfully request that this Court direct the Clerk issue a Writ of Foreign Attachment against all assets of defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, located within the Southern District of Florida.

48. More specifically, since defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, cannot be found within the district at the time of this initial filing, the Plaintiff respectfully requests that all property including, but not limited to the M/Y "RED PEARL," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her (the "Vessel"), and other goods and chattels, or credits and effects, cash, letters of credit, or other monies or assets belonging to, or to become owing to, or established by or on behalf of the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, jointly

or individually, or any other funds or assets held by any garnishee, be attached in this proceeding under a Writ of Maritime Attachment and Garnishment to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the complaint pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, the Plaintiff, PALM HARBOR MARINA, by and through undersigned counsel, demands judgment for its damages, together with interest, costs, attorneys' fees, expert fees, and *custodial legis* expenses, against the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, and further prays:

A. That summons issue citing Defendant, RED PEARL LIMITED, *in personam*, to appear and answer the aforesaid matters;

B. That summons issue citing Defendant, VALENTIN VINOGRADOV, *in personam*, to appear and answer the aforesaid matters;

C. That a summons with process of attachment and garnishment may issue against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, and if the defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, then that their goods, chattels, and credits within the District, and particularly the M/Y "RED PEARL", her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, and all moneys and/or credits of the defendants in the District be attached in an amount sufficient to answer Plaintiff's claim;

D. That a judgement may be entered in favor of the Plaintiff and against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, for the amount of the Plaintiff's claim, with interest, costs, and attorney fees, and that a decree of condemnation may be issued against the property and credits of the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, for the amount of the Plaintiff's claim plus interest, costs, and attorney fees;

E. That a judgment may be entered in favor of the Plaintiff and against the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV, in the amount of their indebtedness to the Plaintiff, with interest, costs, expenses

and attorney fees, and that the M/Y "RED PEARL," her engines, bowsprit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories, hereunto appertaining and belonging to her, be condemned and sold to pay the demands and claims of the Plaintiff against defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV;

F. If for any reason it is alleged and/or found that the Plaintiff, PALM HARBOR MARINA, is not entitled to the attachment of the defendants, RED PEARL LIMITED and VALENTIN VINOGRADOV's, property under Supplemental Admiralty Rule B, then in the alternative, PALM HARBOR MARINA invokes the applicable provisions of the Laws of the State of Florida and prays that this Court order the attachment and/sale of said property pursuant to the applicable provisions of the laws of the state of Florida, including, but not limited to, Fla. Stat. §328.17, Fla. Stat. §713, et. seq., §713.58 and §713.60;

G. That all expert fees be taxed as costs and that this Court award any other amount and grant any other relief as may be in the interests of justice;

H. That Plaintiff be permitted to bid its judgment against the M/Y "RED PEARL" at a United States Marshal's Sale;

I. That the Plaintiff may have such other and further relief that this Court deems just and proper;

J. That the Plaintiff may have such other and further relief that this Court deems just and proper.

Dated: December, 21, 2018.

Respectfully Submitted,

RUMRELL, MCLEOD & BROCK PLLC
/S/ Michael W. McLeod
Michael W. McLeod, Esquire
Fla. Bar #956831
Rumrell, McLeod & Brock PLLC
Mailing Address:
150 E. Palmetto Park Road, Suite 800
Boca Raton, Florida 33432
(904) 996-1100 Office
(904) 825-0287 Fax
E-Mail mmcleod@rumrelllaw.com
Secondary Email: michelle@rumrelllaw.com
Attorneys for Plaintiff, LEISURE RESORTS, LLC d/b/a PALM HARBOR MARINA

Leisure Resorts, LLC D/B/A Palm
Harbor Marina v. Red Pearl Limited et al
<u>Verified Complaint</u>
Page 19 of 19

## VERIFICATION

STATE OF FLORIDA

COUNTY OF PALM BEACH

1. My name is John Smundin, CMMM. I am a citizen of the United States, over the age of eighteen (18) and of sound mind.

2. I am the marina manager of LEISURE RESORTS, LLC d/b/a PALM HARBOR MARINA

3. I have read the foregoing <u>Verified Complaint With Request For Issue Of Supplemental Maritime Rule B Writ Of Foreign Attachment And Supplemental Rule C Warrant Of Arrest</u> and know the contents thereof and the same are true to the best of my knowledge, except as to those matters therein stated to be on information and belief, and as to those matters i believe them to be true.

4. The sources of my information and the grounds of my belief are my personal knowledge of the necessaries provided to the M/Y "RED PEARL" in addition to documents in my possession.

Further affiant sayeth naught.

_____
John Smundin, CMMM

Sworn to and subscribed before me this 20Th day of December, 2018.

Sign: _Ann K Buchanan_

Print: _Ann K. Buchanan_
Notary Public, State of Florida at Large
My Commission Expires:

ANN K. BUCHANAN
Notary Public - State of Florida
My Comm. Expires Feb 18, 2019
Commission # FF 173167
Bonded through National Notary Assn.